**UNITED STATES of America**

**v.**

**Omar Ahmed KHADR.**

**CMCR Case No. 07–001.**

United States Court of Military Commission Review.

Sept. 24, 2007.

---

**RULING ON MOTION TO ABATE**

HOLDEN, Judge.

On July 19, 2007, Appellee filed a Motion to Abate Proceedings alleging: (1) invalid appointment of the appellate judges in the instant case and (2) invalid assignments of both the case and appellate panel members. Both parties briefed the issues raised by the Motion and it was one of several matters addressed during oral argument to this Court on August 24, 2007.

**FACTS**

The facts regarding the appointment and assignment of the judges hearing the instant case are not in dispute.

On December 1, 2006, Secretary of Defense Rumsfeld appointed former Attorney General Griffin Bell as a judge on the United States Court of Military Commission Review. Attachment A to Appellee's Motion of July 19, 2007.

On May 8, 2007, Deputy Secretary of Defense Gordon England appointed Captain John Rolph, Chief Judge of the Navy–Marine Corps Court of Criminal Appeals, and fifteen other active duty appellate judges from the various Armed Services to serve as judges on the Court of Military Commission Review. Attachment B to Appellee's Motion of July 19, 2007.

On June 15, 2007, Deputy Secretary of Defense England created the position of Deputy Chief Judge of the United States Court of Military Commission Review, "to provide continuity of operations." Attachment D to Appellee's Motion of July 19, 2007. The Deputy Chief Judge was authorized "full discretion to exercise all authority vested in the Chief Judge, except as otherwise directed by the Chief Judge." *Id.* Former Attorney General Griffin Bell was appointed Chief Judge and Captain John Rolph was appointed Deputy Chief Judge in that same Action Memo. *Id.*

On July 11, 2007, Deputy Chief Judge Rolph assigned the judges on the Court to various panels and assigned this case to Panel One, of which he is a member. Appendix A to this Order. Subsequently, on August 20, 2007, Chief Judge Bell ratified the panel assignment of the judges in the instant case and the assignment of this case to that panel. Appendix B to this Order. This ratification predated oral argument in this case by four days and this decision by more than one month.

### LAW

"The Secretary of Defense shall establish a Court of Military Commission Review ... and ... shall assign appellate military judges to [the] Court." Military Commissions Act, 10 U.S.C. §§ 950f(a) and (b).

"The Secretary shall appoint appellate military judges to the Court of Military Commission Review pursuant to 10 U.S.C. § 950f." Rule for Military Commissions 1201(b)(1).

"Unless specifically prohibited by law, the Secretary [of Defense] may, without being relieved of his responsibility, perform any of his functions or duties, or exercise any of his powers through, or with

the aid of, such persons in, or organizations of, the Department of Defense as he may designate." 10 U.S.C. § 113(d).

"The Deputy Secretary shall perform such duties and exercise such powers as the Secretary of Defense may prescribe. . . . The Deputy Secretary takes precedence in the Department of Defense immediately after the Secretary." 10 U.S.C. § 132(b) and (c).

"[E]xcept as expressly prohibited by law, Deputy Secretary of Defense Gordon England has full power and authority to act for the Secretary of Defense and to exercise the powers of the Secretary of Defense upon any and all matters concerning which the Secretary of Defense is authorized to act pursuant to law." DoD Directive 5105.2, *Deputy Secretary of Defense,* [hereinafter "delegation memo"] (February 26, 2007), para. 1.2

"The Deputy Secretary of Defense is authorized to make specific [further] delegations as required." *Id.* at para. 1.3.

### DISCUSSION

 Appellee avers legal defects in the delegation of the Secretary of Defense's authority to appoint judges to this court and the Deputy Secretary of Defense's exercise of that same power.

The plain language of 10 U.S.C. § 113(d) provides the Secretary of Defense broad authority to delegate his powers as he sees fit, subject only to the limitation that he may not do so when it is *"specifically prohibited by law."* (emphasis added). We apply the ordinary meaning of the terms "specific" and "prohibit" in analyzing this provision and find no "explicit or definite"[1] provision of law that "forbid[s]"[2] the Secretary of Defense from delegating authority to appoint appellate judges to this court.

---

**1.** *Random House College Dictionary* 1262 (Rev. ed. 1982)

**2.** *Id.* at 1058.

Similarly, we apply the plain meaning of the term "express" in finding no "clearly indicated[,] explicit"[3] provision of law "*express[ly] prohibit[ing]*" the Deputy Secretary from making judicial appointments to this Court pursuant to delegation from the Secretary (emphasis added). An example of a relevant specific prohibition is contained in Rule for Military Commissions [R.M.C.] 504(b): "A military commission may be convened by the Secretary of Defense or persons occupying positions designated as a convening authority by the Secretary of Defense. *The power to convene military commissions may not be delegated*"[4] (emphasis added). No such restriction is contained in the Military Commissions Act or R.M.C. 1201(b)(1) regarding appointment of appellate judges to this Court.

We decline to take the logical leap urged by appellee in briefs and oral argument to find a "negative inference" to be the equivalent of an "express" or "specific" prohibition so as to preclude lawful delegation and exercise of Secretarial power pursuant to federal statute. Appellee, citing various cases, urges us to disregard the letter of 10 U.S.C. §§ 113(d) and 132(b)—as implemented by the Secretary's delegation memo—in favor of a supposed intention

under the principle of *expressio unius est exclusio alterius*.[5] However, those cases are distinguishable on their facts and unpersuasive. The correct rule of construction on these facts is *a verbis legis non est recendendum*.[6] In the instant case, Congress empowered the Secretary of Defense to delegate the authority to appoint judges to this court unless a positive statement of law forbids him from doing so. No such law exists. Similarly, as no law explicitly forbids the Deputy Secretary of Defense from exercising such authority, Deputy Secretary England had full power and authority to appoint the appellate military judges to this Court.

■ Chief Judge Bell's ratification of the assignment of the military judges to the instant panel and assignment of this case to the same moots the latter portion of appellant's motion.[7]

Appellee has made no showing or assertion of substantial prejudice from the appointment of the judges in the instant case or assignment of this case to this panel, nor does the record support a finding of prejudice.

## ORDER

After review and consideration of the parties' filings and oral arguments, and the

---

3. *Id.* at 467.

4. The Rule for Courts–Martial [R.C.M.] upon which R.M.C. 504(b) is based is equally plain it its "express" or "specific" prohibition: "The power to convene courts-martial *may not be delegated.*" (emphasis added). R.C.M. 504(b)(4).

5. *Chevron v. Echazabal*, 536 U.S. 73, 80–81, 122 S.Ct. 2045, 153 L.Ed.2d 82 (2002) (citations omitted) (meaning "expressing one item of [an] associated group or series excludes another left unmentioned").

6. "The words of a statute must not be departed from." Black's Law Dictionary 136 (Sixth ed. 1990). Appellee further urges us to attach legal significance to the difference in "specific" and "express" prohibitions referenced in

10 U.S.C. § 113(d) and the delegation memo, respectively. We decline to do so. The terms are synonymous for the purposes of analyzing this issue. "This is the ultimate distinction without a difference." *Rapanos v. United States*, 547 U.S. 715, 126 S.Ct. 2208, 2230, 165 L.Ed.2d 159 (2006).

7. In our September 19, 2005 decision denying the Motion to Dismiss in this case, we found Deputy Chief Judge Rolph was properly appointed to that position and properly promulgated the Court's Rules of Practice in that capacity. We incorporate the rationale and ruling from that decision into this Order and find the Deputy Chief Judge's panel and case assignments in this case were properly made.

record of trial by military commission, Appellee's Motion to Abate is **DENIED.**

Deputy Chief Judge ROLPH did not participate in ruling on this motion.